## Moreland Appeal.

Argued October 8, 1954. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Edwin M. Clark*, with him *Donald M. Miller*, for appellant.

*Earl R. Handler*, with him *Parnell, Handler & Malcom*, for appellee.

OPINION BY MR. JUSTICE JONES, November 8, 1954:

This matter is here on a certiorari of narrowest scope. The statutory provision under which the proceeding was instituted in the court below (Sec. 1407 of the Pennsylvania Election Code of 1937, P. L. 1333, 25 PS §3157) prohibits, by its express terms, the allowance or granting of an appeal from any order or decree of the court of common pleas made in pursuance of the authority thereby conferred. Accordingly, our review is limited to an inquiry as to the jurisdiction of the court and the regularity of the proceedings: see *Flood Appeal*, 372 Pa. 486, 489, 94 A. 2d 565; compare, also, *Twenty-First Senatorial District Nomination*, 281 Pa. 273, 279, 126 A. 566, construing a similar statutory prohibition of appeal in Section 15 of the Direct Primary Act of July 12, 1913, P. L. 719, as amended by the Act of July 9, 1919, P. L. 839, and Act of May 25, 1921, P. L. 1125.

The jurisdiction of the court below in the instant case is unquestionable and the proceedings were regular. Section 1407 of the Election Code confers upon any person aggrieved by an order or decree of a county board regarding the computation or canvassing of the returns of a primary or election a right of appeal to the court of common pleas from such order or decision. What the present appellant complained of in his appeal to the court below was the county board's refusal to cumulate the votes cast for him as a Republican nominee and as a Democratic nominee for the office of justice of the peace in his township. Our certiorari thus being limited, it follows that the merit of the decision is not before us for review.

Since, however, the appellant stresses our recent decision in *James Appeal*, 377 Pa. 405, 105 A. 2d 64, it is not amiss to point out that that case is readily distinguishable from the present. In the instant case,

the complainant's name was *printed twice* on the ballot as a candidate for the office of justice of the peace, once as a nominee of the Republican Party and once as a nominee of the Democratic Party. The two printings of his name on the ballot for the same office was in direct contravention of Section 1003 (d) of the Election Code (25 PS §2963) which provides that "Whenever any candidate shall receive more than one nomination for the same office, his name shall be *printed once,* and the names of each political party so nominating him shall be printed opposite the name of such candidate, arranged in the same order as candidates' names are required to be arranged" (Emphasis supplied). In marked contrast, the complaining nominee's name in *James Appeal* was *printed* but *once* on the ballot. The votes which he received elsewhere than where his name was printed on the ballot were cast by means of stickers, bearing his name, which certain electors pasted at the appropriate place on the ballot. None of the votes cast for him violated any statutory inhibition. Their cumulation was therefore proper.

Before concluding, we deem it necessary to advert to the inordinate length of time that this matter has been in litigation for which, it should be noted, the court below was not at fault. A year has passed since the election out of which this dispute arose and, yet, the commissions to which the two successful candidates for the office of justice of the peace are entitled have been withheld by the Secretary of the Commonwealth pending final disposition of this controversy and, as a consequence, the township has been without a justice of the peace all of that time.

It is the policy of the law that disputes arising out of elections be conclusively resolved promptly in order that the functions of government may be performed uninterruptedly by the duly elected officials. To that

end, an appeal to a court of common pleas from an order or decree of a county return board, such as is here involved, must be taken within two days of the board's action; the matter is to be heard by the court within three days thereafter; and appeal from the court's decision is prohibited.

The delay in this case resulted at least in large part from the course pursued by appellant's counsel. He filed four separate petitions in the court below, viz., one to contest the election, a second to open the ballot boxes in all three voting districts in the township, a third appealing the decision of the return board not to cumulate petitioner's votes and a fourth for the allowance of the appeal nunc pro tunc. In order to resolve the legal confusion thus created, a stipulation of all parties was ultimately entered into, placing before the court for decision the question raised by the appeal from the action of the return board. The whole proceeding appears to have been abortive. It seems plain that the appeal from the action of the return board was not taken within the two days limited therefor by statute. In any event, after the court handed down its final order rejecting the appeal in a thorough and sound opinion on the legal questions raised, if appellant's counsel did not then perceive that there had been no rational basis for his contentions, he should have at least recognized that the case could not be brought to this court on its merits by way of an appeal: *Flood Appeal*, supra. Nonetheless, he sued out a writ of certiorari and, although five copies of his printed brief and record should have been served on the appellee a month before the return day of the writ and other required copies filed in the office of the Prothonotary not later than the return day which was the first day of our Fall session in Pittsburgh (the certiorari having been taken more than three months

before the return day: Rule 45), they were not actually served or filed until a day or two before the case was called for argument at the foot of the list on the last day of our sitting. The appeal might well have been quashed.

The appeal is dismissed at the appellant's costs.