**Gwendolyn C. MOORE, Petitioner,**

v.

**BOARD OF ELECTIONS FOR the DISTRICT OF COLUMBIA, Respondent.**

**No. 8732.**

District of Columbia Court of Appeals.

Submitted Aug. 21, 1974.

Decided Sept. 17, 1974.

---

Alphonso W. Pendergrass and Richard R. Clark, Washington, D. C., for petitioner.

C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, Richard W. Barton and Leo N. Gorman, Asst. Corp. Counsels, Washington, D. C., for respondent.

Before KERN and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

This cause comes to the court upon application for review of an Order of the District of Columbia Board of Elections and was briefed by counsel.

The record discloses that on July 12, 1974, Howard Lamar Jones, a Republican Ward Candidate, filed with the Board a nominating petition for the office of member of the City Council. D.C. Code 1973, § 1–1108(i)(1)(Supp. I, 1974). As permitted by D.C. Code 1973, § 1–1108(p)(1) (Supp. I, 1974), Gwendolyn C. Moore, a qualified elector, challenged on various grounds the validity of the petition and on August 1, 1974, the Board conducted a hearing as re-quired by D.C. Code 1973, § 1–1108(p)(2) (Supp. I, 1974). At the conclusion of the hearing the Board made detailed findings of fact upon the basis of which it determined that the nominating petition satisfied the requirements of D.C. Code 1973, § 1–1108(i)(2) (Supp. I, 1974).

On August 3, 1974, the Board entered and served upon the challenging elector an Order rejecting the challenge and directing that the nominating petition be accepted. This application for review of the Board's Order was filed August 7, 1974.

The District of Columbia Election Law, D.C. Code 1973, § 1–1101 et seq. (Supp. I, 1974), provides in pertinent part:

Sec. 1–1108(p)(2) . . . *Within three days after announcement of the determination of the Board* with respect to the validity of the nominating petition, either the challenger or any person named in the challenged petition as a nominee may apply to the District of Columbia Court of Appeals for a review of the reasonableness of such determination . . . . (Emphasis supplied.)

The threshold question is whether the application to this court was timely within the purview of the provisions quoted above. We hold that it was not and dismiss the application.

The applicant, identified in the briefs as petitioner, insists on the authority of our Rule 26, that the application was timely, urging that the Saturday and Sunday which followed the entry of the Board's August 3rd Order must be excluded in computing the three day period prescribed by D.C. Code 1973, § 1–1108(p)(2) (Supp. I, 1974).

Insofar as here pertinent Rule 26 provides:

(a) Computation of Time. *In computing any period of time prescribed or allowed by these rules or order of court, or the time for application to this court for allowance of appeal,* the day of the

act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in this rule "legal holiday" includes New Year's Day, Independence Day, Labor Day, Columbus Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States. (Emphasis supplied.)

What seems clear upon the face of the rule is that it has application only to " . . . any period of time prescribed by or allowed by these rules or order of court, or the time for application to this court for allowance of appeal . . . ." Here the period of time within which to apply to this court for review of determinations of the Board of Elections is prescribed by the Congress.

We conclude therefore that because the application for review was not filed within the three day period prescribed, this court is without jurisdiction.[1]

Application for review dismissed.

---

[1]. The fact that the statutory three-day period might fall over a weekend does not present an insurmountable logistical problem in filing an application for review of an order by the Board since this court is always "open" for the purpose of accepting papers such as this. *See* D.C.App.R. 45(a). Of course, an amendment of our Rule 26(a) to conform with Federal Rule of Appellate Procedure 26(a) would obviate any repetition of the jurisdictional question with which we are here confronted.