Charles W. HANKE, Petitioner,

v.

**DISTRICT OF COLUMBIA BOARD OF ELECTIONS AND ETHICS,**
Respondent.

No. 9310.

District of Columbia Court of Appeals.

Argued Oct. 9, 1975.

Decided March 12, 1976.

Charles W. Hanke pro se.

Warren M. Silver, Staff Atty., Dist. of Columbia Bd. of Elections and Ethics, with whom Winfred R. Mundle, Gen. Counsel, Dist. of Columbia Bd. of Elections and Ethics, Washington, D. C., was on the brief, for respondent.

Before YEAGLEY and HARRIS, Associate Judges, and KORMAN, Associate Judge, Superior Court of the District of Columbia.*

HARRIS, Associate Judge:

Petitioner challenges an order of the District of Columbia Board of Elections and Ethics finding him in violation of § 602 of the District of Columbia Campaign Finance Reform and Conflict of Interest Act of 1974, D.C.Code 1975 Supp., § 1–1182, and of the related § 13.15 of title 22 of the D.C.Rules and Regulations.[1] Our jurisdiction to review such an order rests upon D.C.Code 1973, §§ 1–1510 and 11–722. The question presented is whether petitioner was required by the statute to file a confidential personal financial statement for calendar year 1973, or whether he properly could have been required to do so by the regulation. We hold that the statute neither obliged nor permitted the Board to require petitioner to file a disclosure statement for 1973, and vacate the challenged order.

The facts are undisputed. Petitioner became an employee of the District of Columbia on July 1, 1974, by operation of § 201 of the District of Columbia Self-Government and Governmental Reorganization Act of December 24, 1973, Pub.L.No. 93–198, which transferred the Redevelopment Land Agency from the federal government to the government of the District of Columbia. D.C.Code 1975 Supp., § 5–703. Pursuant to notice duly served on petitioner, the Board held a public hearing to consider his alleged noncompliance with § 602(b) of the Campaign Finance Reform and Conflict of Interest Act, D.C.Code 1975 Supp., § 1–1182. The Board thereafter issued an order finding petitioner, who had not filed a personal confidential financial report for calendar year 1973, to be in violation of the disclosure requirements of that statute and of 22 D.C.R. & Reg. § 13.-15, and levying a civil fine of $2 for each day of noncompliance.[2] It is that order which petitioner challenges.

■ The Board asserts preliminarily that appellate review at this time is improper, since petitioner did not seek an exemption from the filing requirements as authorized by § 13.15 and thereby failed to exhaust his administrative remedies. While petitioner expressly has declined to raise any procedural issue, we note that the exemption aspect of the regulation was adopted by the Board on January 30, 1975, three days after the notice of noncompliance was served on petitioner, and was promulgated in the D.C. Register on February 6, 1975, the day after the Board's entry of the disputed order finding petitioner to be in continuing violation of the filing requirements.[3] By the provisions of the regulation itself, it appears that the Board would have been unable to grant an exemption to an employee performing the duties of petitioner; thus application for an exemption would have been futile.[4] Furthermore, petitioner validly argues that

---

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

1. The regulation (quoted *infra*) originally was adopted by the Board on October 29, 1974 (D.C. Register Nov. 4, 1974). The amended regulation, adopted January 30, 1975 (D.C. Register Feb. 6, 1975), retained the general filing requirements of the previous version but added a procedure for application for exemption of certain employees, and moved the filing date back from December 31, 1974, to October 14, 1974. *See* D.C.Code 1975 Supp., § 1–1182(d).

2. *See* D.C.Code 1975 Supp., § 1–1156(b). The Board granted a stay of its order pending appeal.

3. *See Junghans v. Dept. of Human Resources*, D.C.App., 289 A.2d 17, 22–25 (1972).

4. *See American Federation of Government Employees v. Acree*, 155 U.S.App.D.C. 20, 23–24, 475 F.2d 1289, 1292–93 (1973).

to require him to seek an exemption under § 13.15 presupposes that he was required to file in the first place. We agree that under these circumstances the exhaustion doctrine is inapplicable.[5] The Board's order of February 5, 1975, was a final order properly subject to review at this time.

■ The heart of this controversy is the relationship between subsections 602(b) and 602(g) of the Campaign Finance Reform and Conflict of Interest Act. Subsection 602(b) [D.C.Code 1975 Supp., § 1–1182(b)] provides in pertinent part:

> [E]ach officer and employee of the District of Columbia government who performs duties of the type generally performed by an individual occupying grade GS–15 of the General Schedule under section 5332 of title 5, United States Code, or any higher grade or position (as determined by the Board regardless of the rate of compensation of such individual), shall file with the Board . . . [enumerated tax and other personal financial data for the preceding calendar year] . . . before the fifteenth day of May in each year . . . . .

It is undisputed that petitioner is within the employee level which is required to submit financial statements. It is his argument, however, that he is excluded from the filing requirement for calendar year 1973 by the language of subsection 602(g) [D.C.Code 1975 Supp., § 1–1182(g)]:

> For the purposes of any report required by this section, any individual shall be considered to have been . . . [an] officer or employee of the District of Columbia during any calendar year if such individual served in any such position for more than six months during such calendar year.

Petitioner was at no time in calendar year 1973 an employee of the District of Columbia. As the transfer of the Redevelopment Land Agency was effected on July 1, 1974, his service in calendar 1974 amounted to exactly six months, but not the specified "more than six months." It is his contention that he thus was not required to file a financial statement for 1973. We agree.[6]

It is the Board's position that petitioner is required to file reports for 1973 by the provisions of 22 D.C.R. & Reg. § 13.15. The filing requirements of Regulation 13.-15 appear to embrace the whole of the class of individuals specified in § 1–1182(b) of the Code:

> Every person who shall on and after October 14, 1974, . . . hold an appointment in the general service classified as a GS–15 or higher, or an appointment in the Police or Fire Departments as a Class 9 or higher, or an appointment in the Board of Education as a Class 3 or higher, who shall otherwise be employed by the District of Columbia at annual rate of compensation of $29,818 or more, or who shall serve pursuant to an appointment by the Mayor, shall file on or before October 14, 1974, the following documents and information . . . .

■ The Board first argues that the adoption of this regulation and its application to petitioner fall within the proper exercise of its delegated authority under § 1–1182(b) of the Code and its general rulemaking power under D.C.Code 1975 Supp.,

---

5. *Compare Smith v. Murphy*, D.C.App., 294 A.2d 357 (1972).

6. Petitioner also urges that he cannot be required to file reports for calendar year 1974. While we agree with his interpretation of § 1–1182, the order which we review involves only a finding of noncompliance for the year 1973, the data for which was to have been filed no later than October 14, 1974. *See* D.C.Code 1975 Supp., § 1–1182 (d); 22 D.C.R. & Reg. § 3.15, as amended January 30, 1975.

§ 1–1105(a)(8).[7] It is the Board's contention that the "more than six months" language of § 1–1182(g) defines only those individuals who must file, and does not limit its authority to require reports from employees of lesser tenure. We find nothing in the provisions of the statute or its legislative history to support such a circumvention of the plain language of § 1–1182(g).[8] As we read the statute, § 1–1182(b) vests the Board with the authority to determine by function or compensation which employees shall be required to make financial disclosures, but § 1–1182(g) defines the group within which the Board may make such determinations as comprising only those individuals who have been employees for more than six months in the year in question.[9]

The Board maintains that a literal interpretation of § 1–1182(g) would mean that petitioner and those similarly situated[10] would not have to file reports before May 15, 1976 (for calendar year 1975), leaving an almost two-year hiatus which, in its view, could not have been within the intendment of Congress.[11] See D.C.Code 1975 Supp., § 1–1182(a). It is urged that § 13.15 of Title 22 of the Regulations is a reasonable means to correct what is characterized as an "inadvertent loophole." We cannot agree. Where, as here, the statute is unambiguous in its provisions, we are not at liberty to adopt a construction which would ignore its plain language,[12] nor is the Board empowered to contradict such language through its delegated rulemaking powers.[13] Accordingly, the Board's erroneous order finding petitioner in violation of § 1–1182(b) and levying a fine for his asserted noncompliance with the financial disclosure requirements thereof is vacated.

*Reversed.*

7. Sec. 1–1105(a)(8) provides: "The Board shall . . . prescribe such regulations as it considers necessary in order to carry out the purposes of this chapter." Cf. *Kamins v. Bd. of Elections, District of Columbia,* D.C.App., 324 A.2d 187, 192–93 (1974).

8. *See generally Lewis v. District of Columbia Bd. of Appeals and Review,* D.C.App., 330 A.2d 253, 256 (1974); *Souder v. Brennan,* 367 F.Supp. 808, 812–13 (D.D.C.1973).

9. *Cf. F.T.C. v. Manager, Retail Credit Co.,* D.C.App., 515 F.2d 988, 993–95 (1975). We note that soon after the Board issued the order challenged by petitioner, a bill (No. 1–31, Feb. 25, 1975) was introduced in the District of Columbia Council which would amend § 1–1182(g) of the Code to read "more than thirty days" service in any calendar year. D.C.Register Mar. 3, 1975.

10. The employees of the National Capital Housing Authority and the District of Columbia Manpower Administration also were transferred from the federal government to that of the District of Columbia, effective July 1, 1974, by operation of Title II of the District of Columbia Self-Government and Governmental Reorganization Act of December 24, 1973, Pub.L. No. 93–198. D.C.Code 1975 Supp., §§ 5–103a and 36–701.

11. The Board's objection is somewhat overstated, in part since § 1–1182(d) provides that an individual otherwise required to file (i. e., with more than six months' service in the year in question) who ceases to be an employee of the District of Columbia must submit his report not more than three months from such termination, "as the Board may prescribe."

12. *See Temporaries Inc. v. District Unemployment Comp. Bd.,* D.C.App., 304 A.2d 14, 17 (1973); *Harrison v. J. H. Marshall & Associates, Inc.,* D.C.App., 271 A.2d 404, 406 (1970).

13. *See District of Columbia v. Jones,* D.C. App., 287 A.2d 816, 818 (1972). *Cf. F.C.C. v. American Broadcasting Co.,* 347 U.S. 284, 74 S.Ct. 593, 98 L.Ed. 699 (1954).