**Ulysses GRANT, Jr., Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

**No. 84–4.**

District of Columbia Court of Appeals.

Argued Dec. 11, 1984.

Decided Feb. 13, 1985.

---

George Milko, Neighborhood Legal Services, Washington, D.C., with whom Dalton J. Howard, Washington, D.C., was on brief, for petitioner.

Grace Lockett Rosner, Washington, D.C., for respondent.

Before PRYOR, Chief Judge, and BELSON and TERRY, Associate Judges.

BELSON, Associate Judge.

Petitioner challenges a decision of the District of Columbia Department of Employment Services (DOES) that he is disqualified from receiving unemployment compensation benefits because he was discharged by his employer, the Association for Renewal in Education (A.R.E.), for misconduct. D.C.Code § 46–111(b) (1984 Supp.). Petitioner contends that the Appeals Examiner, whose determination of disqualification ultimately was affirmed by the Office of Appeals and Review, failed to consider facts substantiating petitioner's assertion that his termination was retaliatory; petitioner submits also that the DOES determination is not supported by substantial evidence. We affirm.

Petitioner had been employed for over 1 year as a youth care specialist working the midnight to 8:00 a.m. shift at the Dupont Two group home for delinquent youths operated by A.R.E. A.R.E.'s principal reason for terminating petitioner was that he had twice been found sleeping on the job. Petitioner alleges that his termination was in retaliation for his aggressive attempts to obtain overtime compensation. The Hearing Examiner considered the issue of the pending wage claim to be irrelevant, and the Office of Appeals and Review ruled to that effect in its final decision. We concur with that view.

▮ The petitioner argues, in effect, that the alleged retaliation by A.R.E., if proved, would immunize him from disqualification for misconduct. He cites no authority in support of that proposition and we are aware of none in this jurisdiction. Under some circumstances misconduct is excusable if it is justified, such as when legally adequate provocation triggers a claimant's misconduct retaliatory action. *Williams v. District of Columbia Unemployment*

*Compensation Board,* 383 A.2d 345, 350–51 (D.C.1978). *See also Jones v. District of Columbia Unemployment Compensation Board,* 395 A.2d 392, 397 (D.C.1978) (alleged harassment by employer). We decline to expand the scope of that defense to a case such as this one where the claimant fails to show justification for his act of misconduct. Petitioner's involvement in a wage dispute with A.R.E. cannot shield him from the consequences of his misconduct totally unrelated to that dispute.

■ Petitioner contends that our ruling in *Jones, supra,* at 397, compels us to remand to this case DOES for findings on his retaliation claim. Petitioner reads *Jones* too broadly. In *Jones* the employer asserted two reasons for the claimant's discharge: abandoning his job and threatening his supervisor. The Unemployment Compensation Board concluded only that he had been discharged for job abandonment. We reversed and remanded, ruling that there was insufficient evidence from which to conclude that job abandonment was an independent ground for the discharge. The other reason for the discharge in *Jones*—*i.e.,* the alleged threat to the claimant's supervisor—was asserted by the claimant's employer. In contrast, the reason other than sleeping on the job for petitioner's discharge in the instant case *i.e.,* retaliation for his aggressive pursuit of a back pay claim—is being asserted not by his employer but by petitioner himself. *Jones* does not oblige DOES to make findings on claimant's allegations regarding his employer's motives for discharging him. The executive director of A.R.E. testified that petitioner's sleeping on the job was "cause enough for termination." DOES was not required to address any other reason for his discharge in determining whether there was disqualifying misconduct.

■ Petitioner also argues that the failure of DOES to consider the evidence and make findings on the retaliation issue precludes a ruling that there is substantial evidentiary support for the agency's decision. We disagree. Considering as a whole the record before us, we find substantial evidence to support the DOES disqualification determination. D.C.Code § 1–1510(a)(3)(E) (1981); *Washington Post Co. v. District of Columbia Unemployment Compensation Board,* 377 A.2d 436, 439 (D.C.1977). Petitioner's supervisor testified that on two separate occasions he observed petitioner asleep during his shift. Both the supervisor and another witness for A.R.E. testified that the employer's policy prohibited sleeping on the job. In his testimony and his documentary evidence, petitioner admitted that he had been relaxed, reclining in a chair with his eyes closed. He insisted, however, that he had never fallen asleep on duty, that he had merely been resting his eyes. The Hearing Examiner reported this evidence in his findings of fact but concluded that the employer had established by a preponderance of the evidence that petitioner was discharged because he had slept on the job which behavior sufficed as a basis for disqualification for benefits on the grounds of misconduct. We conclude that the agency's decision flows rationally from the facts relied upon which, in turn, are substantially supported by the evidence of record; we perceive no reason to disturb that decision. *Perkins v. District of Columbia Department of Employment Services,* 482 A.2d 401, 402 (D.C.1984); *Kramer v. District of Columbia Department of Employment Services,* 447 A.2d 28, 30 (D.C.1982).

■ DOES reasonably could conclude from its findings that petitioner's work time slumber constituted such a "disregard of standards of behavior which the employer has the right to expect of his employee" so as to merit misconduct disqualification. *Hickenbottom v. District of Columbia Unemployment Compensation Board,* 273 A.2d 475, 477 (D.C.1971) (citation omitted); *accord Colton v. District of Columbia Department of Employment Services,* 484 A.2d 550, 552–53 (1984). The uncontradicted evidence on the record reveals that, in his position as night youth care specialist, petitioner bore considerable responsibility

for the safety and security of the 10 teen-age youths housed in the Dupont Two group home. During his tour of duty from midnight to 8:00 a.m. he was the only staff member there. It was his responsibility to ensure that his charges did not get out of bed, that nobody was taken ill, that the facility was free from unauthorized intrusion, and that there was no fire or other kind of hazardous condition that would affect the health or welfare of the youths. The facility was securely locked at night. If there had been a fire, no one in the facility could have exited without using a key, which none of the youths possessed. Under these circumstances, A.R.E. rightfully could expect its night youth care specialists to remain alert and vigilant throughout their work shift. Petitioner's failure to do so constituted disqualifying misconduct.

Accordingly, the DOES determination in this case is hereby

*Affirmed.*