**Thomasina M. PLOUFE, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent.**

**No. 84–1207.**

District of Columbia Court of Appeals.

Submitted July 2, 1985.

Decided Aug. 29, 1985.

Sarah P. Collins, Washington, D.C., was on brief for petitioner.

Michael A. Milwee, Washington, D.C., was on brief for respondent.

Before PRYOR, Chief Judge, and NEBEKER and BELSON, Associate Judges.

PER CURIAM:

The Department of Employment Services (DOES) determined petitioner to be temporarily ineligible for unemployment compensation because she failed to perfect a timely intra-agency appeal of the Claims Examiner's finding that she had been discharged for misconduct. Petitioner seeks review here, asserting that she had received inadequate notice of the time within which she

could appeal. We agree with petitioner, reverse, and remand.

Petitioner was fired from her job at Bergmann's Inc., on March 30, 1984, for absenteeism. On April 10, 1984, petitioner filed a claim for unemployment compensation with the Department. A Claims Examiner issued, on April 24, 1984, a determination that petitioner was ineligible for benefits because misconduct had been established by the employer. The notice indicated that any appeal must be filed within ten (10) days of the date shown on the letter. It did not define days as either working or calendar days.

Petitioner, unsure whether the days indicated were working or calendar days, called the Xenia Street Department office and was told by an unidentified employee that the 10 days were working days. Relying on this information, petitioner filed an appeal on May 8, 1984, within 10 working days but not within 10 calendar days of the Claims Examiner's letter. After a hearing on the merits and timeliness of petitioner's appeal, the Appeals Examiner issued a decision dismissing petitioner's appeal "because it was not filed within the mandatory 10 day appeal period clearly noted on the face of the Determination." The decision observed that the Department was without authority to extend the appeal period. Petitioner filed a timely intra-agency appeal of the decision of the Appeals Examiner to the Office of Appeals and Review, which "found no reason to disturb the decision." Petitioner filed a timely petition for review of the final agency decision with this court.

D.C.Code § 46–112(b) (1981) provides that a claims examiner's determination "shall be final within 10 days after the mailing of notice thereof to the party's last-known address or in the absence of such mailing, within ten days of the actual delivery of the notice." A DOES regulation, 18 DCRR § 4607.1, reiterates the statutory mandate that a party must file a first level appeal within 10 days. The regulation specifies, in addition, that the 10-day period is calculated by calendar days. *Id.*

■ Unless an appeal is taken prior to expiration of the 10-day appeal period, the Appeals Examiner is without jurisdiction to consider the merits of an appeal. *Gosch v. District of Columbia Department of Employment Services*, 484 A.2d 956, 958 (D.C. 1984). However, "a prerequisite to invoking this jurisdictional bar is the agency's 'obligation of giving notice which was reasonably calculated to apprise petitioner of the decision of the claims deputy and an opportunity to contest that decision through an administrative appeal.'" *Thomas v. District of Columbia Department of Employment Services*, 490 A.2d 1162, 1164 (D.C.1985) (discussing 10-day period for second-level appeal to Office of Appeals and Review from Hearing Examiner's decision, D.C.Code § 46–112(e) (1981)).

■ Here the notice to petitioner of the opportunity to contest the decision of the Claims Examiner was ambiguous as to the length of the appeal period. The notice of determination by the Claims Examiner stated, "Any appeal must be filed in writing within ten (10) days from the date shown above (date mailed or delivered)." Nowhere did the notice state that the 10 days were calendar days. Many persons claiming unemployment compensation after the termination of a working relationship are accustomed to the business practice of calculating time periods in terms of work days. In a context so closely related to work life, an individual might reasonably expect that "day" means "work day," as petitioner did. Petitioner's confusion was compounded when, before 10 calendar days had passed, she called DOES to clarify this matter and was told by an employee that "day" indeed meant "work day." [1]

---

1. On August 10, 1984, at 11:45 a.m., while the matter was pending intra-agency review, petitioner called DOES a second time and made the same inquiry. Again she was told, this time by an employee named Kathy, that the 10 days were working days.

The ambiguity of the notice to petitioner rendered it inadequate as a matter of law.[2] *See* D.C.Code § 1–1510(a)(3)(D) (1981) (court shall set aside agency determinations that are without observance of procedure required by law). Accordingly, we reverse and remand for a new hearing on the merits before the Appeals Examiner.

*So ordered.*

**2.** We observe that DOES could obviate this problem, which is not unique to this petitioner, by amending the Claims Examiner's determination form to show that the 10 days it refers to are calendar days.