**Patricia Jan SELK, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

No. 84–502.

District of Columbia Court of Appeals.
Argued Feb. 20, 1985.
Decided Sept. 4, 1985.

Paul S. Blumenthal, Washington, D.C., for petitioner.

N. Denise Wilson-Taylor, Washington, D.C., for respondent.

Before NEBEKER, BELSON and ROGERS, Associate Judges.

NEBEKER, Associate Judge:

Petitioner Patricia Jan Selk appeals a final decision of the Department of Employment Services' Office of Appeals and Review (DOES). Mrs. Selk had appealed DOES's determination that she left her em-

ployment voluntarily without good cause connected with the work, and was therefore not entitled to benefits. DOES, however, denied her appeal as untimely. She argues, first, that her appeal was timely because she reasonably relied on information provided by a DOES employee regarding the deadline for her appeal and, second, that the agency's determination on the merits of her claim is unsupported by substantial evidence in the record as a whole. Upon review of the matter, we agree with petitioner and therefore reverse and remand.

I

Petitioner was employed by the National Savings and Trust Bank, N.A., as a Manual Procedures Analyst. She was subsequently hired as manager for the installation of a new computer system for the bank's trust department. Problems with the installation of the system arose, requiring Mrs. Selk to work 60 to 80 hours a week. For several weeks she was assigned support personnel; but the bank removed them from the project, even though the system was not yet functioning smoothly. In Mrs. Selk's professional judgment, the project continued to require overtime work. Nevertheless, Mrs. Selk's supervisor told her in July 1983 [1] that, although she was expected to work overtime as the project demanded, she would no longer be paid overtime compensation. Mrs. Selk resigned on August 8, 1983.

II

Mrs. Selk contests DOES's determination that her appeal was untimely. We agree that under the circumstances it was timely filed.

On August 9, 1983, she filed a claim for unemployment benefits. DOES denied her claim on August 22, 1983. Mrs. Selk telephoned DOES to ask whether the ten days she had in which to note her appeal referred to calendar days or business days.

---

1. Mrs. Selk had been put on the trust project in February 1983.

The employee to whom she spoke assured her that ten days meant business days. Because the ninth business day was the Friday before Labor Day, the DOES employee told Mrs. Selk that September 6, the Tuesday after the holiday, was her deadline for filing her appeal. She filed in person on that date. DOES subsequently notified her that her appeal was untimely, but that "as a matter of courtesy" she would be heard on the merits. At her "courtesy" hearing, conducted by telephone,[2] she testified to the above jurisdictional facts before the agency reached the merits of her claim. DOES neither rebutted nor discredited Mrs. Selk's account of her contact with the agency, which led her to conclude that September 6 was her deadline for appealing its initial determination.

■ D.C. Code § 46–112(b) (1981) provides that a claims deputy's determination "shall be final within ten days after the mailing of notice thereof to the party's last-known address or, in the absence of such mailing, within ten days of actual delivery of the notice." 18 DCRR § 4607.1 authorizes the filing of an appeal within the same ten-day period. The days counted are calendar days, not business days. The appeals examiner loses jurisdiction to consider the merits of an appeal filed after the time for filing has expired. *Gosch v. District of Columbia Department of Employment Services*, 484 A.2d 956, 958 (D.C. 1984).[3]

■ The facts in this case regarding notice from the agency to the petitioner, however, are identical to those in *Ploufe v. District of Columbia Department of Employment Services*, 497 A.2d 464 (D.C. 1985). In *Ploufe*, we reiterated the elementary principle of administrative law that, in order to start the running of time for appeal, the agency is "[obliged to] give notice which was reasonably calculated to apprise petitioner of the decision of the claims deputy and an opportunity to contest that decision through an administrative appeal." *Ploufe, supra*, at 465 (citations omitted). As in *Ploufe*, the notice to petitioner here was so ambiguous as to render it inadequate as a matter of law. *Id.* at 466. Accordingly, we hold that the agency was correct, despite being inconsistent with its position regarding its jurisdiction, in reaching the merits of petitioner's claim.

### III

Mrs. Selk contends that the agency's determination on the merits of her claim is unsupported by substantial evidence in the record as a whole. We agree.

■ Our review of administrative proceedings is limited. We should not disturb a decision if it rationally flows from the facts relied upon and those facts or findings are substantially supported by the evidence of record. *Washington Post Co. v. District Unemployment Compensation Board*, 377 A.2d 436, 439 (D.C.1977); see D.C.Code § 1–1510(a)(3)(E) (1981). This court will defer to an agency's reasonable construction of a controlling statute or regulation. *Hockaday v. District of Columbia Department of Employment Services*, 443 A.2d 8, 12 (D.C.1982).

---

**2.** From the transcript, Mrs. Selk's hearing appears to have been by conference call. Mrs. Selk, the hearing examiner, the employer's witness, and Mrs. Selk's witness—another bank employee—seemed to be able to hear and communicate with one another. In her brief Mrs. Selk points out that the hearing examiner cannot observe the demeanor of witnesses when a hearing is conducted by telephone and is therefore handicapped in making credibility determinations. We cannot be sure on this record whether Mrs. Selk was made aware of her right to be present at the hearing. D.C.Code § 1–1509(b)

(1981). We do not reach this issue because of our disposition of this appeal on other grounds.

**3.** DOES counts the date after the "date mailed" or "date delivered" as day number one. Thus a notice mailed on, for instance, March 15 would require filing of an appeal on or before March 25. *Gosch, supra*, 484 A.2d at 957; *see also Carroll v. District of Columbia Department of Employment Services*, 487 A.2d 622, 623 (D.C. 1985) (petitioner filed timely appeal on February 27 from decision mailed February 17).

The agency initially determined that Mrs. Selk had voluntarily left her job because of job dissatisfaction, which DOES found was not "good cause connected with the work." D.C. Code § 46–111(a) (Supp.1984) & § 46–112(b) (1981). This initial determination may have been justified by the information supplied by Mrs. Selk on her application for benefits.[4] Once the agency decided to entertain her appeal as a "courtesy," however, materials Mrs. Selk submitted and her testimony at her hearing revealed that she had resigned because—among other factors—her assignment continued to require overtime hours, but the bank denied her overtime compensation. At the hearing, her employer's witness testified that Mrs. Selk and the bank disagreed regarding allocation of resources for the project.

In *Kramer v. District of Columbia Department of Employment Services*, 447 A.2d 28 (D.C.1982), we held that the determination regarding good cause is "factual in nature and should be judged by the standard of a reasonably prudent person under similar circumstances." *Id.* at 30. In *Kramer*, the employer required overtime work, but did not pay overtime compensation. We held that, under those circumstances, Kramer's voluntary quit was the action of a reasonable and prudent person in the labor market, and that he had therefore quit for good cause connected with the work. *Id.* Mrs. Selk raised an issue that falls squarely within the rubric of *Kramer*. Her employer, discussing resource allocation, contested Mrs. Selk's statement regarding the project's continuing demands. Yet in making his determination after Mrs. Selk's hearing, the hearing examiner never addressed the uncompensated overtime issue. *See* 18 DCRR § 4609.3 (findings of fact must address each contested issue of fact). His conclusions, rather, reiterate those in the initial determination by DOES.

Moreover, a final decision by the Office of Appeals and Review should be based not only upon the hearing examiner's decision, but also on other materials in the record. *See American University v. District of Columbia Department of Labor*, 429 A.2d 1374, 1376 (D.C.1981). The transcript of Mrs. Selk's hearing calls into question the completeness of the record available to the Office of Appeals and Review. As a party to an administrative hearing, Mrs. Selk had the right to conduct cross-examination. D.C.Code § 1–1509(b) (1981); 18 DCRR § 4608.10. Testimony that is not subject to cross-examination cannot be considered "reliable, probative and substantial evidence." *General Railway Signal Co. v. District Unemployment Compensation Board*, 354 A.2d 529, 532 (D.C.1976); 18 DCRR § 4609.2 (findings of fact by DOES hearing examiner must be based on reliable, probative and substantial evidence). Although Mrs. Selk may have been technically permitted to cross-examine, the examiner did not inform her of her right nor ask whether she wished to ask her employer's witness any questions. *See Babazadeh v. District of Columbia Hackers' License Appeal Board*, 390 A.2d 1004, 1009 (D.C.1978) (an agency must inform a *pro se* litigant of his basic procedural rights). Additionally, during the hearing, the examiner several times told Mrs. Selk he could not locate the file containing supplementary materials she had submitted. He did not give her the opportunity to read all of the missing documents into the record. The record does not disclose whether the missing materials were ever received or considered by the examiner.

Because no factual determination was ever made regarding the uncompensated overtime claim and because of our serious doubts regarding the fullness of the record before DOES, we cannot say that the final decision in this case was based upon substantial evidence in the record as a whole.

---

**4.** She wrote on her application form, filed August 9, 1983, that she quit because she "was given insufficient support for the work [she] was expected to do; disagreed with [her] supervisor over the scope of the project and resources requested to complete the project."

Accordingly, we reverse and remand for a further hearing and determination in accord with this opinion.

*So ordered.*