Helen M. KITTRELL, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 84-1469.

District of Columbia Court of Appeals.

Submitted Sept. 20, 1985.
Decided Oct. 11, 1985.

Helen M. Kittrell pro se.

N. Denise Wilson-Taylor, Washington,
D.C., was on brief for respondent.

Before PRYOR, Chief Judge, and FER-
REN and STEADMAN, Associate Judges.

PER CURIAM:

Petitioner, Ms. Kittrell, seeks review of a
decision of the Department of Employment
Services (DOES) dismissing as untimely
her inter-agency appeal. We find per-
suasive Ms. Kittrell's contention that she
received inadequate notice of the time in
which she could file that appeal and, ac-
cordingly, reverse and remand.

## I

Ms. Kittrell was employed as a cashier
for Parking Management, Inc. until, follow-
ing a period of absenteeism, she was told
by her employer on May 26, 1984, not to
return to work.

Thereafter, Ms. Kittrell filed a claim with
DOES for unemployment benefits. In a
determination issued on July 30, 1984, a
claims examiner concluded that Ms. Kittrell
was ineligible for unemployment benefits
because she had left her job without "good
cause connected with the work." *See* D.C.
Code § 46-111(a) (1981); 18 DCRR § 4612.-
6(e) (1983). A copy of this decision was
mailed to petitioner and included the notice
that "[a]ny appeal must be filed in writing
within ten (10) days from the date shown
[on the letter]."

Petitioner filed her appeal from the
claims examiner's decision on August 10,
1984. Following a hearing, a DOES ap-
peals examiner dismissed the appeal on the
grounds that it was not filed within the
"mandatory ten day appeal period" set out
in the pertinent regulations.

Thereafter, Ms. Kittrell sought review
within the agency of the appeals examin-
er's decision. She alleged that in comput-
ing the time for filing her first appeal, she
didn't "understand[ ] that Saturday and
Sunday [were] counted for the ten day peri-
od," and accordingly, filed her appeal one
day late. The Office of Appeals and Re-
view, however, rejected this argument, and
affirmed the appeals examiner's decision.
Ms. Kittrell then filed the instant appeal in
this court.

## II

In a recent opinion, this court, faced with
a similar challenge, reversed and remanded
for further proceedings, a DOES decision
dismissing an appeal as untimely filed.
*Ploufe v. District of Columbia Depart-*

*ment of Employment Services,* 497 A.2d 464 (D.C.1985). In *Ploufe,* the petitioner had received a notice which was identical in all significant respects to the notice received by Ms. Kittrell in the instant case. Because the notice failed to state whether the "10 days" designated were computed as calendar days or as business days, the court held that the notice was ambiguous and that "[t]he ambiguity of the notice to [the] petitioner rendered it inadequate as a matter of law." *Id.,* at 466; *see also Selk v. District of Columbia Department of Employment Services,* 497 A.2d 1056, 1058 (D.C.1985).

We find the circumstances of Ms. Kittrell's case indistinguishable in any material way from those presented in *Ploufe.* Accordingly, we reverse and remand for a new hearing on the merits before the appeals examiner.

*So ordered.*