**Eric WHITE, Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF ELECTIONS AND ETHICS,**
**Respondent.**

**No. 86–1616.**

District of Columbia Court of Appeals.

Argued Jan. 12, 1988.
Decided March 4, 1988.

Gregory L.A. Thomas, Washington, D.C., for petitioner.

William H. Lewis, with whom Cecily E. Collier, Washington, D.C., was on the brief, for respondent.

Before NEWMAN, TERRY and ROGERS, Associate Judges.

PER CURIAM:

In this appeal, the petitioner requests this court to exercise its authority, pursuant to D.C.Code § 1–1315(b) (1981), to set aside an election for advisory neighborhood commissioner (ANC) for single member district (SMD) 4A06 as certified by the District of Columbia Board of Elections and Ethics ("the Board"). We do not reach the merits of petitioner's claim since his petition for review by this court was not timely filed; accordingly, we must dismiss the appeal.

On November 4, 1986, eight write-in votes were cast for petitioner by qualified voters residing in ANC/SMD 4A06. However, as a result of an undisputed computer coding error, which occurred during the Board's pre-election verification process, these votes were erroneously certified for the election in ANC/SMD 4C01. D.C.Code § 1-251(b). On Wednesday, December 3, 1986, the Board, pursuant to D.C.Code §§ 1-260(a), 1-258, and 1-1306(a)(11), certified the results of the election for ANC/SMD 4A06 at a public meeting, and declared that Archie Palmore was the candidate who had received the highest number of votes in this contest. *See* D.C.Code § 1-258. Petitioner did not request a recount of the votes cast by the Board, *id.* § 1-1315(a), but instead petitioned this court to review the results of the election. *Id.* § 1-1315(b).[1]

> D.C.Code § 1-1315(b) provides that [w]ithin 7 days after the Board certifies the results of an election, any person who voted in the election may petition the District of Columbia Court of Appeals to review such election.

The Board certified the results of the challenged ANC election at its regularly scheduled monthly meeting on the first Wednesday of the month, December 3, 1986. Petitioner filed his petition for review in this court eight days later on December 11, 1986, one day after the appeal period

elapsed. The time limits specified by rules for seeking review of agency actions are mandatory and jurisdictional. *Glenwood Cemetery v. District of Columbia Zoning Comm'n*, 448 A.2d 241, 241-42 (D.C.1982) (per curiam); *Moore v. Board of Elections for the District of Columbia*, 325 A.2d 452, 454 (D.C.1974) (per curiam).

When the Board filed a motion to dismiss the appeal as untimely filed, petitioner opposed the motion on the grounds that his time to appeal did not start to run until either December 4, 1986, the date which he alleges an employee of the Board advised his counsel was the date that the election results were certified, or January 2, 1987, the date when the results would become effective. He relies on *Selk v. District of Columbia Dep't of Employment Serv.*, 497 A.2d 1056 (D.C.1985). We assume, without deciding, that petitioner's interest in assuming elective office warrants protection under the due process clause of the fifth amendment of the U.S. Constitution. Thus, the question is whether the Board provided notice reasonably calculated to apprise petitioner of the date when the Board certified the election results.[2] *Ploufe v. District of Columbia Dep't of Employment Serv.*, 497 A.2d 464, 465 (D.C.1985) (per curiam); *see Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (due process requires "notice, reasonably calcu-

---

1. By order dated April 22, 1987, a Motions Division denied respondent's motion to dismiss. The denial of a motion to dismiss by a Motions Division is deemed to be without prejudice to reconsideration by a Merits Division unless the Motions Division states that the denial is with prejudice. *District of Columbia v. Trustees of Amherst College*, 499 A.2d 918, 920 (D.C.1985); *see Potomac Passengers Ass'n v. Chesapeake & Ohio Ry.*, 171 U.S.App.D.C. 359, 363 & n. 22, 520 F.2d 91, 95 & n. 22 (1975).

2. We observe that the notice and hearing requirements of the District of Columbia Administrative Procedure Act ("DCAPA"), D.C.Code § 1-1501 *et seq.*, do not come into play in the instant case. Although certain actions taken by the Board are subject, under D.C.Code §§ 1-1510 & 11-722, to judicial review in accordance with the DCAPA, *e.g., Hanke v. District of Columbia Bd. of Elections and Ethics*, 353 A.2d 301 (D.C.1976) (appeal of an order levying civil fine

for noncompliance with financial disclosure requirements), our jurisdiction to review Board actions in accordance with the DCAPA is limited to reviewing its "orders and decisions." D.C. Code § 11-722. Further, the DCAPA limits our jurisdiction under its provisions to review of "contested cases." *Id.* § 1-1510(a); *Capitol Hill Restoration Soc'y, Inc. v. Moore*, 410 A.2d 184, 186 (D.C.1979). We need not decide whether the certification of election results is an "order or decision" within the meaning of § 11-722 because we conclude it is not a "contested case" under § 1-1510(a), which specifically excludes "proceedings in which decisions rest solely on ... elections." *Id.* § 1-1502(8)(C); *see Capitol Hill Restoration Soc'y, Inc. v. Moore, supra*, 410 A.2d at 187 (contested case involves trial-type hearing required by statute or constitutional right). Thus, any notice due petitioner must be measured against the requirements of the fifth amendment due process clause and not those of the DCAPA.

lated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *see also* D.C. Code § 1–1306(a)(12) (Board shall "take all reasonable steps to inform all residents and voters of elections").

The statutory scheme, *see* D.C.Code § 1–260, contemplates that the Board will formally certify the results of an election in sufficient time to permit it to conduct a recount, if necessary, and to permit appellate review in advance of the scheduled date when the persons elected shall assume office. *Id.* §§ 1–1315 & 1–257. General elections for ANC commissioners are held on the first Tuesday after the first Monday of November, and those elected take office on January 2 or at noon on the day after the Board certifies the election, whichever is later. *Id.* §§ 1–268(a) & 1–268(b). The Board is not required by statute or regulation to provide individual candidates with written notice of election results or to publish in the *District of Columbia Register* the date of the public meeting at which election results are certified. *See* D.C.Code § 1–1306; 3 DCMR § 815 (1984). At oral argument, the General Counsel to the Board advised the court that persons seeking to file nominating petitions are informed of these general matters in a packet of material prepared by the Board. In addition, the Board's regulations provide that regularly scheduled meetings of the Board shall be held on the first Wednesday of each month at 3 p.m., 3 DCMR § 102.2 (1984), and that meetings shall be open to the public. *Id.* § 102.3. Further, although the Board may, when necessary, convene special meetings in its discretion, it may do so only after providing reasonable notice to the public. *Id.* § 102.4.

Petitioner was a write-in candidate. Thus, we will assume for purposes of this appeal that he did not receive the packet of information provided by the Board to persons filing as candidates. Except for this circumstance, however, the ANC/SMD 4A06 election was conducted in all other respects in accordance with the routine procedures for holding elections and certifying their results. That is, the general election occurred on November 4, 1986, the Board certified the results at its regularly scheduled monthly public meeting on December 3, 1986, and winners were to take office on January 2, 1987. Under these circumstances we are satisfied that petitioner received notice which was reasonably calculated to advise him of the date when the Board certified the results of the ANC/SMD 4A06 election.

It is entirely appropriate for this court to take judicial notice of the fact that those who run in an election are interested to learn the results. *City of St. Louis v. Pope*, 344 Mo. 479, 493, 126 S.W.2d 1201, 1210 (1938) (en banc). In view of the short timeframe within which the Board must perform a number of duties so as to afford a right of review prior to the assumption of office by those it has declared winners, we conclude that the burden placed on individuals to learn when a certification will occur is consistent with due process notice requirements. "It is the policy of the law that disputes arising out of elections be conclusively resolved promptly in order that the functions of government may be performed uninterruptedly by the duly elected officials." *In re Burrell Township*, 379 Pa. 186, 189, 108 A.2d 696, 697 (1954). Requiring strict compliance with statutorily imposed time limitations is particularly important in election cases in order to maintain stability and continuity in the administration of government. *In re Recount of Ballots Cast in the General Election held on November 6, 1973*, 457 Pa. 279, 279, 325 A.2d 303, 304 (1974).

Although petitioner's counsel asserted that an unnamed employee advised him that the Board certification occurred on December 4, 1986, he has not filed any affidavit on behalf of that employee or himself in this court, even though by our order to show cause issued on December 18, 1987, he had ample opportunity to do so. Nor has he provided any other record basis on which we could reasonably conclude that he was misled by the Board as to the certification date. *See Thompson v. INS*, 375 U.S. 384, 386, 84 S.Ct. 397, 398, 11

L.Ed.2d 404 (1964) (transcript showed that trial judge had misinformed counsel of appeal time); *see also In re Twenty–Sixth Election District,* 351 Pa. 544, 548–59, 41 A.2d 657, 659 (1945) (court may invoke equity jurisdiction to allow untimely appeal when election board affirmatively misled petitioner, who was entirely without fault). Further, it is not without significance that the asserted misrepresentation was made to counsel, *see Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515, 518 (D.C. 1985), and not to an unrepresented petitioner. *See, e.g., Cobo v. District of Columbia Dep't of Employment Serv.,* 501 A.2d 1278 (D.C.1985); *Selk v. District of Columbia Dep't of Employment Serv., supra,* 497 A.2d 1056; *Ploufe v. District of Columbia, Dep't of Employment Serv., supra,* 497 A.2d 464. In addition, neither petitioner nor his counsel allege they were unaware of the December 3, 1986, certification until after the seven days to appeal had expired.

Accordingly, although we regret that petitioner's failure to comply with the rules of this court has deprived us of jurisdiction to grant the relief he seeks, the Board having conceded its error and joined in his request for relief should the court reach the merits, we have no other alternative than to hold that we are without jurisdiction to hear this appeal. *See Moore v. Board of Elections for the District of Columbia, supra,* 325 A.2d at 454 (petition for review dismissed because appeal filed one day late).

*Dismissed.*