Thomas W. **BAILEY**, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SERVICES**, Respondent.

No. 84–1030.

District of Columbia Court of Appeals.

Submitted Sept. 6, 1985.

Decided Nov. 15, 1985.

Joseph A. Finlayson, Jr., with whom Ronald C. Hill, Washington, D.C., was on brief, for petitioner.

N. Denise Wilson-Taylor, Washington, D.C., was on brief for respondent.

Before MACK, BELSON and TERRY, Associate Judges.

PER CURIAM:

The Department of Employment Services (DOES) determined petitioner to be temporarily ineligible for unemployment compensation because he failed to file a timely intra-agency appeal of the claims examiner's finding that petitioner had been discharged for misconduct. Petitioner seeks review here, urging that he received inadequate notice of the time within which he could appeal. We agree with petitioner, reverse, and remand for a determination on the merits.

On or about November 28, 1983, the Capital Area Community Food Bank discharged petitioner for insubordination. On December 7, petitioner filed a claim for unemployment compensation with DOES. On December 15, a claims examiner determined that petitioner was ineligible for benefits because his employer had established misconduct. District Unemployment Compensation Board Form 401 (DUCB 401), provided for petitioner's use in the event he chose to appeal, indicated in a note at the bottom of the form that any appeal had to be filed within 10 days of the date shown in block 6 of the form.[1] The sentence immediately following this admonition read as follows: "IF YOUR APPEAL IS FILED LATE, REASON(S) MUST ALSO BE INCLUDED IN BLOCK 3, ABOVE."

Petitioner's counsel, relying on the final sentence of DUCB 401, filed an appeal of the claims examiner's determination on December 28, 1983, one day after the 10 day appeal period expired.[2] The appeal included a recitation of the reasons for the tardiness of the appeal, as called for by the last sentence of DUCB 401. After a hearing on the merits and timeliness of petitioner's appeal, the appeals examiner issued a decision on January 19, 1984, dismissing petitioner's appeal on the ground that "the agency has no authority to extend the ten (10) day appeal period...." Petitioner filed a timely intra-agency appeal to the Office of Appeals and Review, which affirmed the decision of the appeals examiner. Petitioner filed a timely petition for review of the final agency decision with this court.

Our recent opinion in *Ploufe v. District of Columbia Department of Employment Services*, 497 A.2d 464 (D.C.1985), furnishes the basis upon which we decide this case. In *Ploufe*, we reaffirmed that the appeals examiner lacks jurisdiction to consider the merits of an appeal unless an appeal is filed prior to the expiration of the 10-day period. *Id.* at 465 (citing *Gosch v. District of Columbia Department of Employment Services*, 484 A.2d 956, 958 (D.C. 1984)). We went on, however, to note that this jurisdictional bar cannot be invoked by DOES unless the agency has first given a claimant adequate notice of the opportunity to appeal. *Id.* (citing *Thomas v. District of Columbia Department of Employment Services*, 490 A.2d 1162, 1164 (D.C.1985)).

---

1. Petitioner alleges that no date was entered in block 6 of the DUCB 401. If so, then petitioner could rely on the date contained in respondent's form UC–142(b), Determination by Claims Examiner, which petitioner concedes indicated that the determination was mailed on December 15, 1983. Petitioner acknowledges receipt of notice on December 21, 6 days prior to the expiration of the 10-day period for appeal.

2. According to the representation of petitioner's counsel, he called DOES on December 27 to request an extension of time to file an appeal, and was assured by a DOES employee that a tardy response could be accepted as timely if accompanied by a good explanation for the tardiness. Our decision in this case does not turn upon acceptance or rejection of this representation.

In *Ploufe*, we held that the ambiguity of a DOES notice, which failed to specify whether the appeal period was measured in calendar days or working days, precluded the invocation of the 10-day jurisdictional bar. 497 A.2d at 465–66. Here the notice to petitioner was misleading because the note at the bottom of DUCB 401 strongly implied that some appeals would be accepted beyond the 10-day appeal period if claimant showed good enough reason to do so.[3] Therefore, as in *Ploufe*, DOES is precluded from invoking the 10-day jurisdictional bar against petitioner.

The misleading nature of the notice to petitioner rendered it inadequate as a matter of law.[4] *See* D.C. Code § 1–1510(a)(3)(D) (1981) (court shall set aside agency determinations reached without observance of procedure required by law). Accordingly, we reverse and remand for a new hearing before the appeals examiner.

*So ordered.*

---

3. It would not have been unreasonable for petitioner's counsel to expect that the delay in the mails at Christmas time and his receipt of the notice from his client on the last day of the 10-day period would be sufficient to justify the lateness of the appeal.

4. We observe that respondent could remedy this deficiency in DUCB 401 by simply deleting the misleading final sentence of its form. Clarity would be further enhanced by the inclusion of a sentence emphasizing the agency's lack of jurisdiction to consider appeals filed after the 10-day appeal period.