April Ann DOWDY, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 84–1416.

District of Columbia Court of Appeals.

Argued Nov. 12, 1985.

Decided Sept. 24, 1986.

April Ann Dowdy, pro se.

N. Denise Wilson-Taylor, Washington, D.C., for respondent. Grace Lockett Rosner, Washington, D.C., also entered an appearance for respondent.

Before MACK, BELSON and ROGERS, Associate Judges.

PER CURIAM:

April Dowdy petitions this court for relief from an agency decision that she was ineligible for unemployment compensation. The ineligibility ruling was made by a De-partment of Employment Services (DOES) Appeals Examiner after that agency had paid out almost three months of benefits on petitioner's claim. Petitioner's initial contention is that the ineligibility decision was wrong. If that argument fails, petitioner asks us to hold that, in any event, DOES is without power to recoup the overpaid amount, because it paid out the funds through its own error and not through any misrepresentation on her part. We agree with DOES that petitioner was ineligible for unemployment benefits at the time she applied. Since oral argument DOES has abandoned its attempt to recover the overpaid funds. In light of this recent development, we decline to consider petitioner's alternative argument that the agency is without power to recoup. We affirm the challenged ineligibility decision.

I

Since 1981, petitioner has worked as a baker for University Student Services, Inc. (USSI). This nonprofit corporation is a wholly owned subsidiary of American University. Its purpose is to promote the advancement of education at the university by providing students with food, beverage, vending and similar services. In keeping with this role, USSI follows an annual practice of laying off employees for the university's summer vacation period. On May 12, 1984, it issued petitioner a lay-off notice which included a promise of reemployment on or before August 30, 1984, sometime around the start of the next academic year.

Petitioner filed her claim for unemployment compensation on June 3, 1984. She was successful and received benefits for the better part of May, June and July. During this period, her employer brought an internal agency appeal against the award of benefits. On July 26, 1984, a DOES Appeals Examiner reversed the Claims Examiner's determination and declared petitioner ineligible for benefits as of the date of filing. In support of this decision, the Appeals Examiner relied upon a recently enacted amendment to the Dis-

trict of Columbia Unemployment Compensation Act. *See* D.C.Code § 46–110(7)(C)(i) (1986 Supp.). This amendment, adopted only a few weeks before petitioner was laid off, excludes nonacademic employees of institutions of higher education from receiving benefits between school years. Later, on August 8, 1984, petitioner received from DOES a document entitled "Notice of Determination of Overpayment." The amount it assessed was $1,406 for the period prior to the ineligibility decision.

On October 9, 1984, the ineligibility decision was affirmed at the highest level of internal agency review and thus became final. On October 19, 1984, petitioner requested this court to review that final decision. Petitioner argued, not only that she was eligible for the unemployment benefits she had received, but also that, in any event, DOES had no power to recoup payments paid out through its own error and without any misrepresentation on her part.

Events continued to unfold. While this case was pending, but before oral argument, petitioner heard more from DOES regarding the "Notice of Determination of Overpayment" issued before the ineligibility decision became final. Petitioner, following instructions on that notice, had appealed the overpayment determination to a higher level within the agency. She had done so before the ineligibility decision became final and, therefore, before she was in a position to seek review of that decision in this court. On March 21, 1985, six months after petitioner asked us to review the final ineligibility decision, DOES held a hearing on the internal overpayment appeal, apparently treating that determination as unrelated to the final ineligibility decision whose review was already pending in this court. About a week later, on March 29, 1985, the Appeals Examiner— not the same Appeals Examiner as the one who had found petitioner ineligible for benefits—affirmed the determination that petitioner had been overpaid by $1,406.

By then, the ineligibility decision had been challenged in this court. Six months previously, as part of her petition for review of that decision, petitioner had contested the power of the agency to recoup any overpaid funds. With her petition for review of the ineligibility decision already pending in this court, petitioner did not appeal the second Appeals Examiner's adverse overpayment decision to the highest level of DOES review.

We heard oral argument in this case on November 12, 1985. At that time, there was some confusion between the parties as to what exactly was before the court. DOES maintained that the only issue properly before us was the propriety of its final ineligibility decision dated October 9, 1984. Petitioner, who has argued on her own behalf throughout these proceedings, also asked us to review that decision. In addition, however, petitioner argued that, if she was indeed ineligible for the benefits she had received, we must then address the alternative issue raised in her petition, *i.e.*, whether DOES has power to recoup funds paid out through its own error to a good faith claimant who has not misrepresented her circumstances.

The confusion between the parties was perhaps the consequence of DOES' policy of conducting separate proceedings to resolve the interlocking questions of eligibility and overpayment. Accordingly, the resulting record being inadequate, we asked that the parties supplement it to clarify the relevant sequence of events in each of the two related proceedings. Much of the factual summary set forth here is drawn from the supplemental record.

Until oral argument in this court on November 12, 1985, DOES apparently had not considered the possibility of waiving recoupment of the $1,406 received by petitioner prior to its ineligibility determination. It has, however, done so since. On April 30, 1986, DOES asked petitioner to provide a detailed financial statement so that it could process her request for a waiver. Petitioner duly obliged. By then, DOES had already recouped about $1,000 of the $1,406 in dispute. It did so by

reducing unemployment benefits for which petitioner had subsequently become eligible. These deductions were made while the petition now under review was pending. Finally, on June 2, 1986, DOES filed in this court a document which contains the following information:

> Upon a review of Ms. Dowdy's financial statement, the Director of the Office of Unemployment Compensation has determined that recoupment of amounts paid on this claim would defeat the purpose of the statute and [be] against equity and good conscience as provided by Title 46, D.C.Code Section 120 (1985 as amended). As a consequence the Director has waived recoupment and Ms. Dowdy will receive all amounts recouped to date.

Response to Petitioner's Motion for Leave to Supplement the Record.

### II

Petitioner's initial contention is that DOES erroneously decided her employer's appeal from the award of unemployment compensation. Our review of that decision is limited: we consider only whether the findings of fact are supported by substantial evidence in the record and whether there was a correct application of the relevant law. *Dyer v. District of Columbia Unemployment Compensation Board,* 392 A.2d 1, 3 (D.C.1978). Substantial evidence is more than a mere scintilla; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ridge v. Police & Firefighters Retirement & Relief Board,* 511 A.2d 418, 422 (D.C.1986); *Vestry of Grace Parish v. District of Columbia Alcoholic Beverage Control Board,* 366 A.2d 1110, 1112 (D.C.1976).

For a valid denial of benefits between academic years, two conditions must be met:

> (1) petitioner must have been an employee of an institution of higher education during an academic year or term; and (2) there must have been reasonable assurance that petitioner would continue to perform services in the academic year or term immediately following.

*See* D.C.Code § 46–110(7)(C)(i) (1986 Supp.).[1] The Appeals Examiner who made the ineligibility decision specifically found both of these requirements to be met; his findings of fact and conclusions of law form the basis of the final DOES decision in this case.

We perceive no error in DOES' ineligibility decision. The Appeals Examiner correctly identified and applied the twin criteria which governed petitioner's eligibility for unemployment compensation. The record contains substantial evidence to support the finding that petitioner was an employee of American University: she worked for USSI, its wholly-owned, educationally-related, nonprofit subsidiary; in addition, a notice sent to petitioner at the time of her lay-off confirmed that petitioner had reasonable assurance of continued employment from the outset of the succeeding academic year, *see Davis v. District of Columbia Department of Employment Services,* 481 A.2d 128, 131 (D.C.1984) (per curiam). Thus, petitioner was properly found to be ineligible for benefits as of the date on which her claim was filed.

Petitioner's alternative contention is that, even if she was ineligible for unemployment benefits, DOES should not be permitted to recoup the funds in question. Petitioner points out that the funds were over-

---

**1.** The relevant part of that section provides:

> Effective for weeks of compensation beginning on or after April 1, 1984, with respect to services performed [by nonacademic employees] for an educational institution or in an institution of higher education, benefits shall not be payable on the basis of such services to any individual for any week which commences during a period between 2 successive academic years or terms if such individual performs such services in the 1st of such academic years or terms and there is reasonable assurance that such individual will perform such services in the 2nd of such academic years or terms.

Academic employees, too, are rendered ineligible during this period by virtue of D.C.Code § 46–110(7)(A)–(B) (1986 Supp.).

paid through the agency's own error and not as a result of any misrepresentation on her part. Since this contention was argued, DOES has determined that recoupment of the overpaid funds would be against equity and good conscience and would defeat the humane purposes of the unemployment statute. In light of this development, the scope of DOES' power under D.C.Code § 46–120(d) (1981) to recoup overpaid benefits from a claimant who has not misrepresented her circumstances is no longer a matter of controversy. Hence, we decline to consider petitioner's contention on that issue here.

We affirm the agency's decision that petitioner was ineligible for unemployment compensation benefits.

*Affirmed.*

MACK, Associate Judge, concurring:

I write separately only to make some general observations concerning the circumstances in which DOES may recoup overpaid unemployment compensation benefits.

Along with her claim that DOES was mistaken in its finding of ineligibility, petitioner April Dowdy challenged the power of the agency to recoup the funds it had paid out through its own error before then. Petitioner asked us to

> [d]etermine if unemployment funds received by me for May, June and July of 1984 should be recouped by the D.C. Department of Employment Services. This is in view of the fact that there [was] not, on my part, [any] false or

misleading statement to cause me to be shown as eligible for unemployment benefits.

Petition for Review. There has been no suggestion by DOES that petitioner has been anything less than truthful and candid in her claim for benefits.[1]

During the course of this litigation, after examining petitioner's financial circumstances, DOES came to the conclusion that deducting from subsequent benefits the $1,406 paid out through its own error would be against equity and good conscience and would defeat the humane purposes of the unemployment compensation statute. DOES is to be commended for administering the statute true to the spirit in which it was enacted and in furtherance of the purposes which it is intended to serve. The agency recognized that the District of Columbia Unemployment Compensation Act, D.C.Code §§ 46–101 to –128 (1981 & 1986 Supp.), is designed to relieve the hardship associated with unemployment, not to add additional burdens due to an unfortunate administrative error.

We have declined to consider here the scope of the recoupment provisions in the Act. The D.C.Code does not specifically address the situation of a claimant who, because of the agency's unilateral mistake in disbursement, receives unemployment benefits in good faith before she is eventually found to be ineligible. Recoupment of overpaid benefits is treated in a section headed "Penalties for False Statements or Representations." D.C.Code § 46–120 (1981).[2] These penalties differ depending

---

**1.** It is worth noting that petitioner was legally compelled to file her claim, even if ineligible, in order to preserve her right to retroactive payment of unemployment compensation in the event that her promised reemployment did not ultimately materialize. D.C.Code § 46–110(7)(C)(ii) (1986 Supp.).

**2.** Under the caption "Penalties for False Statements or Representations," that section provides, in relevant part:

> (d) Any person who has received any sum as benefits ... to which he [or she] is not entitled shall, in the discretion of the Director,

be liable to pay such sum to [DOES] to be redeposited in the Fund; be liable to have such sum deducted from any future benefits payable to him [or her] ...; or may have such sum waived in the discretion of the Director: Provided, however, that no such recoupment from future benefits shall be had if such sum is received by such person without fault on his [or her] part and such recoupment would defeat the purpose of this chapter or would be against equity and good conscience; or in the discretion of [DOES], such recoupment has been waived. In any case in which, under this subsection, a claimant is

on whether or not the false statement was knowingly made. Subsection (d) of § 46–120 provides for the recoupment of over-paid benefits, subject to certain conditions, from a claimant who has received the payments "without fault on his [or her] part." It is not immediately clear from the context whether this phrase refers only to claimants who have made innocent misrepresentations or whether it includes also claimants, such as petitioner, who have made no false statements whatsoever. *Contrast Ridge v. Police & Firefighters Retirement & Relief Board*, 511 A.2d 418, 429 (D.C. 1986) (D.C.Code § 4–627(c) (1981) "implies a power in the [Police and Firefighters Retirement and Relief] Board to recover by way of civil proceedings in *all* cases of overpayment, irrespective of whether or not the annuitant has been found guilty of fraud" (emphasis added)); Op.Corp. Counsel, D.C. (Feb. 27, 1969) (available in the District Building) ("I conclude that the Department of Public Welfare may recover an erroneous payment of public assistance only in cases of actual fraud on the part of the welfare recipient"). Strictly speaking, DOES' decision not to seek recoupment means that we are no longer compelled to resolve here the question whether § 46–120(d) may be applied to an entirely innocent claimant such as petitioner.

However, regardless of whether § 46–120(d) applies to one in petitioner's position, it strikes me that further guidance might assist the agency in dealing with all future cases in which the recoupment provisions do apply. I take this view because it was only *after* extensive litigation in this case that DOES made its commendable decision to waive recoupment due to petitioner's financial situation. DOES has an affirmative obligation to inquire into a claimant's

individual circumstances *before* deciding under § 46–120(d) that overpayments should be recouped.[3] Under § 46–120(d), where deductions from future benefits are the chosen method of recoupment, the agency must determine *beforehand* that two conditions are met: recovery must not defeat the purpose of the unemployment compensation scheme and it must not offend against equity and good conscience. Moreover, DOES must also exercise its discretion at that point by deciding, even without an explicit request by the claimant, whether the overpayments have been waived. And, when these discretionary determinations have been made, the agency's power of recoupment is limited to either a civil action for repayment or appropriate deductions from the claimant's future benefits. During the course of these determinations, of course, the claimant is entitled to the usual procedural protections such as notice and the opportunity to present a defense.

The record of this case indicates that DOES did not appreciate the existence of an affirmative § 46–120(d) obligation to exercise its discretion *before* attempting recoupment. This omission is well illustrated by the Appeals Examiner's decision concerning overpayment. By the time that decision was made, on March 29, 1985, DOES had already rendered its final decision to the effect that petitioner was ineligible for benefits during the period in question (it is this earlier ineligibility decision that we affirm today). The March 29, 1985, decision treated the ineligibility issue as settled and affirmed the initial determination of overpayment. The Appeals Examiner observed that petitioner had been determined ineligible for benefits, that review of the final ineligibility decision was

liable to repay to [DOES] any sum, such sum may be collected without interest, by civil action in the name of [DOES].

**3.** To that extent, the posture of this case is analogous to the cases which are not covered by the mootness doctrine because the issues are "capable of repetition, yet evading review." *Southern Pac. Terminal Co. v. I.C.C.*, 219 U.S.

498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). The mootness doctrine is doubly inapplicable as, in addition, "the scope of the issues raised in this appeal extends well beyond the rights of the specific parties," so that their resolution would serve the public interest. *Pendleton v. D.C. Bd. of Elections & Ethics*, 449 A.2d 301, 303 n. 1 (D.C.1982).

pending in this court, and that the final ineligibility decision had resulted in an overpayment of the benefits petitioner had received. He flatly concluded: "There is no error in the determination of $1,406 overpayment and claimant's appeal must therefore be denied."

The failure to inquire into petitioner's individual circumstances at any point during the formal internal agency proceedings reduced the recoupment inquiry to an arid exercise in arithmetic. The statute requires DOES to consider the propriety of recoupment in light of equity and good conscience and the humane purpose of the unemployment compensation scheme; it requires also a determination as to whether recoupment has been waived. These questions surfaced within the agency only after its formal internal proceedings were completed, after oral argument had been heard in this court on the present petition for review, and after petitioner had again written to DOES protesting against recoupment. The required discretionary determinations should have been made *before* the attempt at recoupment was made.

Finally, I am somewhat perplexed at DOES' division of this case into separate proceedings to determine eligibility and overpayment (the latter term, under the statute, embracing the propriety of recoupment). The substantial difficulties encountered by the court in mastering the bewildering chronology of this case can be attributed to an artificial and unnecessary distinction, at least in petitioner's situation, between two inseparable issues: when a claimant is already in receipt of benefits, a determination of ineligibility resulting from an employer's appeal will almost automatically result in an overpayment. If a professionally trained eye finds it so difficult to follow the agency's distinction here between eligibility and overpayment, it would take a rare claimant who could appreciate

the potential legal consequences of this division.

The significance of the distinction from the agency's viewpoint is shown in this case. Petitioner failed to exhaust her avenues of internal agency review after she received the Appeals Examiner's affirmance of the initial overpayment determination. The reason for that failure is not hard to discern. Petitioner had already asked this court to review the recoupment issue as part of her petition from the final DOES ineligibility decision. Having done so petitioner assumed, not unreasonably, that her entire claim was properly before us for review. DOES did not share petitioner's view. Therefore, at oral argument, we requested that the record be supplemented to shed light on the interaction between the dual proceedings. Consequently, I have had the opportunity to examine the various notices and other documents issued by DOES with respect to the overpayment proceedings, as well as those concerning the ineligibility decision presently on review. Apart from the fact that the internal agency appeals carry different numbers, the documents contain nothing to notify a claimant that separate issues were under consideration.[4] Having set in motion two outwardly indistinguishable proceedings as a means of resolving the one controversy, DOES could not fairly blame a claimant for arguing a point in the forum that DOES considers incorrect.

In a recent line of cases, we have emphatically held that a claimant cannot relinquish rights that she does not know about. *Cobo v. District of Columbia Department of Employment Services*, 501 A.2d 1278, 1280 (D.C.1985) (per curiam); *Bailey v. District of Columbia Department of Employment Services*, 499 A.2d 1223, 1224–25 (D.C.1985) (per curiam); *Selk v. District of Columbia Department of Employment Services*, 497 A.2d 1056, 1058 (D.C.1985); *Ploufe v. District of Columbia Depart-*

---

**4.** The notices furnished to petitioner concerning her eligibility for benefits carried the notation "Appeal No. 84,2160–UI" in the top right hand corner. Those concerning overpayment carried the notation "Appeal No. 84,5411–UI" in the same place. Otherwise, the documents are essentially indistinguishable.

ment of Employment Services, 497 A.2d 464, 465–66 (D.C.1985) (per curiam). In one of these, we specifically held that a claimant could not be prejudiced by her failure to file timely appeals in each of two related proceedings where she could not reasonably have known that "two separate decisions were being made." *Cobo v. District of Columbia Department of Employment Services, supra,* 501 A.2d at 1279–80. Here, too, DOES could not successfully maintain, when timely review of the ineligibility decision had already been sought, that some issue other than petitioner's eligibility for benefits was precluded—either by the claimant's failure to exhaust administrative remedies, or by the untimeliness of an appeal from the overpayment decision.

In sum, *before* attempting to recoup overpaid funds pursuant to § 46–120(d), DOES must exercise its discretion in deciding whether such recoupment would be against equity or good conscience, whether recoupment would defeat the humane purposes of the unemployment compensation statute, and whether recoupment has been waived. In addition, if DOES continues its policy of separating claims such as the present into separate proceedings to resolve the connected issues of eligibility and overpayment, it must ensure that the claimant is fully aware of any legal consequences that might flow from this artificial division of the issues involved.

In my view, this approach is essential to the orderly administration of the unemployment compensation statute.