**Jacqueline MOORE, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.**

No. 86–251.

District of Columbia Court of Appeals.

Submitted Nov. 5, 1986.

Decided Dec. 15, 1986.

Jacqueline Moore, pro se.

Michael A. Milwee, Washington, D.C., for respondent.

Before NEBEKER, FERREN and STEADMAN, Associate Judges.

ORDER

Petitioner appeals her denial of unemployment insurance following her discharge from employment on the grounds of misconduct. After an initial determination by a claims examiner for the Department of Employment Services ("the Department") finding petitioner ineligible for unemployment benefits, petitioner failed to file her appeal within ten days after the mailing of the notice of the claim denial. After a full hearing, the appeals examiner dismissed her appeal solely on the basis of untimeliness. We conclude that the information concerning the appeal time, given to petitioner by the Department, was flawed as a matter of law. Therefore, we reverse and remand for a determination on the merits.

over, FECA is more similar to, and is the predecessor of, the Merit Personnel Act.

Up to the time she was fired, petitioner worked as a cashier for Giant Foods. On several occasions she had cashed checks with her employer which subsequently were returned for insufficient funds. Petitioner was warned by her employer that another such incident would result in termination. Nevertheless, petitioner cashed another check with Giant Foods that was returned for insufficient funds. Petitioner was suspended from her job and discharged two days later.

Petitioner applied for unemployment insurance on October 21, 1985. A claims examiner from the Department denied petitioner's claim. At the bottom of the claim denial notice form received by petitioner, it was stated that "ANY APPEAL MUST BE FILED IN WRITING WITHIN *TEN (10) CALENDAR DAYS* FROM THE DATE SHOWN ABOVE" (capitalization and emphasis in original). The date referred to was the date of mailing, November 5, 1985. The accompanying appeal and hearing request form contained language to the same effect. However, additionally, the instructions on the form for filling in a space provided to give the reasons for taking the appeal stated: "IF YOUR APPEAL IS FILED LATE, THE REASON(S) MUST ALSO BE INCLUDED" (capitalization in original). Petitioner filed her appeal in person on November 19, 1985, fourteen calendar days after the date of mailing by the Department.[1] The appeals examiner dismissed petitioner's appeal on the basis of untimeliness, and the acting chief of the Office of Appeals and Review affirmed the dismissal.

It is established law that if proper notice is given and a petitioner's appeal is not filed until after the time prescribed for filing has expired, the appeals examiner lacks jurisdiction to consider the merits of the appeal. *Gosch v. District of Columbia Department of Employment Services,* 484 A.2d 956 (D.C.1984), and cases cited. How-

ever, in *Bailey v. District of Columbia Department of Employment Services,* 499 A.2d 1223 (D.C.1985), we found that the inclusion of the language quoted above permitting the inclusion of reasons for a late appeal rendered the notice inadequate as a matter of law, because it incorrectly suggested that reasons might be given which would excuse an untimely filing. Hence, we held, the ten-day jurisdictional bar could not be invoked by the Department.

The Department argues, incorrectly, that *Bailey* does not apply because petitioner failed to allege any reliance upon the misleading language. This argument fails to appreciate that we declared that such language rendered the notice inadequate as a matter of law. The form used in the case at bar was given to petitioner before our decision in *Bailey,* and it suffers from the same defect. (The fact that in the *Bailey* form, the language on late appeals appeared immediately following the statement about the ten-day appeal period while here it appears in a different part of the form doesn't cure its misleading potential.)

The hearing before the appeals examiner dealt with the merits of petitioner's claim as well as the issue of the timeliness, and hence she has had her statutory hearing. However, although the transcript of the hearing is in the record before us, we cannot base our decision on the merits when the Department's decision was based solely upon grounds of untimeliness and no findings were made on the merits. "[O]ur review is limited [by statute] to a determination whether the findings of fact, upon which the compensation authorities based their decision are supported by substantial evidence in the record and whether the ultimate decision is in accordance with the law." *Gomillion v. District of Columbia Department of Employment Services,* 447 A.2d 449, 451 (D.C.1982).

---

1. Petitioner told the appeals examiner that she was trying to find a job and when unable to do so, she came down and filed her appeal, which was four days late. We are not dealing with a situation where petitioner had a long, unexplained failure to file an appeal.

Accordingly, it is ORDERED that the case be remanded for findings and an explicit determination on the merits.

PER CURIAM.