Jacqueline MOORE, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent.

No. 86–251.

District of Columbia Court of Appeals.

April 13, 1987.

Before NEBEKER, FERREN and STEADMAN, Associate Judges.

JUDGMENT

PER CURIAM.

Petitioner was denied unemployment benefits by the Department of Employment Services (DOES) and appealed to this court. DOES argued that petitioner had not filed a timely intra-department appeal from the initial determination of ineligibility and therefore had no right to a DOES hearing on the merits. By order dated December 15, 1986,[1] we ruled that since DOES had used an "appeal and hearing request form" containing language ruled defective in *Bailey v. District of Columbia Department of Employment Services,* 499 A.2d 1223 (D.C.1985), petitioner had been given notice concerning her appeal rights that was inadequate as a matter of law. Specif-

---

1. *Moore v. District of Columbia Department of Employment Services,* 518 A.2d 710 (D.C.1986).

ically, the defect was language in the form permitting a claimant to give reasons for the late filing of an appeal, thus wrongly implying that late appeals could be granted if good reason was shown. The underlying concern was that a claimant might rely on this representation and delay filing an appeal in the belief that the claimant's reason for the delay would justify the late filing. To forestall any need for a case-by-case factual inquiry into the issue of actual reliance, we held that notice containing such language was defective as a matter of law. On this basis, we held that petitioner's appeal in this case had been timely filed and remanded the case for a determination on the merits.

DOES has filed a motion for reconsideration. It points out that we had erroneously assumed, as stated in the order, that the defective form had *accompanied* the claim denial notice form sent to petitioner denying her claim and informing her that she had to file an appeal within ten calendar days from the date shown on the claim denial form; *i.e.*, by November 15, 1985. In fact, we are advised, the form is one used by DOES's local claim offices and would be seen by a claimant (as in this case) only when he or she journeyed to a local office in order to file an appeal in person. Thus in this case, DOES asserts, petitioner did not even see the defective form until she arrived at the claims office to file her appeal, at a time after the statutory ten days had already run. On these facts, the defective form in no way formed part of the information furnished petitioner about her appeal rights and no detrimental reliance could possibly have occurred. Although specifically given an opportunity to do so, petitioner has filed no opposition to the motion contesting these facts as related by DOES.

■ We believe DOES is correct in its analysis. If a claimant can show that a defective form was actually obtained by the claimant during the ten-day appeal time, no actual reliance need be proved. This is the teaching of *Bailey*. However where, as here, the defective form could in no way have been relied upon by a claimant in determining his or her appeal rights, then

its use has no relevance to the question of the timeliness of an appeal.

■ If proper notice is given and a petitioner's appeal is not filed until after the time prescribed for filing has expired, the appeals examiner lacks jurisdiction to consider the merits of the appeal. *Gosch v. District of Columbia Department of Employment Services*, 484 A.2d 956 (D.C. 1984). Applying this rule, we now hold that DOES was correct in deciding that petitioner's appeal was untimely filed. Accordingly, the motion for reconsideration is granted, our prior order is vacated, and the DOES decision appealed from is affirmed.