**Ronda L. DIXON, Petitioner,**

**v.**

**DISTRICT OF COLUMBIA OFFICE OF ADMINISTRATIVE HEARINGS, Respondent.**

**No. 06–AA–984.**

District of Columbia Court of Appeals.

Submitted Sept. 4, 2008.
Decided Sept. 11, 2008.

Ronda L. Dixon, pro se.

Peter J. Nickles, Interim Attorney General for the District of Columbia, and Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and Michael A. Milwee, Senior Assistant Attorney General, for respondent.

Before NEWMAN, PRYOR and SCHWELB, Senior Judges.

PER CURIAM:

After a Claims Examiner found petitioner Ronda Dixon eligible for unemployment compensation, the District of Columbia Department of Employment Services ("DOES") began paying unemployment benefits to her. Dixon's employer appealed and the Office of Administrative Hearings ("OAH") issued a final order reversing the Claims Examiner and finding Dixon to be ineligible. Dixon did not seek review of that decision. Subsequently, DOES issued a notice of determination of overpayment, seeking to recover the $1,988 that the agency erroneously paid to Dixon. OAH affirmed the overpayment determination, which Dixon now petitions for review, claiming that it is unfair for DOES to seek repayment.

DOES is required to disburse unemployment benefit payments as soon as a claimant is found eligible and before an employer's appeal is decided. *See California Dep't of Human Res. Dev. v. Java,* 402 U.S. 121, 133–34, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971). However, if an initial determination of eligibility is later reversed, then DOES may exercise its discretion, pursuant to D.C.Code § 51–119(d) (2001), to recover benefits paid to the claimant as an overpayment. The claimant may appeal determinations of overpayment and is entitled to an administrative hearing. D.C.Code § 51–119(d)(2) (2001). Although Dixon argues that this policy is unfair, its purpose "is to ensure that the unemployment compensation fund is not depleted except for valid benefit payments, thus preserving the limited resources of the fund." *Campbell v. Labor & Indus. Relations Comm'n,* 907 S.W.2d 246, 250 (Mo. Ct.App.1995). We see no abuse of discretion. *See generally Johnson v. United States,* 398 A.2d 354 (D.C.1979). Accordingly, the petition on review is denied.

*So ordered.*