DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Petitioner,

v.

Cecelia SMALLWOOD, Respondent.

No. 09–AA–719.

District of Columbia Court of Appeals.

Submitted June 23, 2011.

Decided Aug. 18, 2011.

("DOES"), seeks review of a Final Order of the Office of Administrative Hearings ("OAH"), in which an OAH administrative law judge ("ALJ") sustained DOES's determination that Cecelia Smallwood received $13,767 in unemployment compensation benefits to which she was not entitled, but held that Smallwood is required to repay only a portion of the overpayment amount. DOES contends that the ALJ was without authority to waive any portion of Smallwood's liability. On the record that was before the ALJ,[1] we agree with DOES that OAH did not have authority to adjust the liability amount. Accordingly, we reverse that portion of the OAH decision that purported to waive $10,177 of the overpayment amount.

## I. Background

■ Smallwood, who had been terminated from her job as a teacher in the District of Columbia Public Schools ("DCPS"), filed a claim for unemployment compensation on July 1, 2008. A DOES claims examiner found that Smallwood was eligible for benefits. Thereafter, Smallwood received benefit payments for a total of 38 weeks, during the period from July 12, 2008, through March 28, 2009.[2] On July 31, 2008, however, DCPS sought review of the claims examiner's eligibility determination, contending that Smallwood had been terminated for misconduct (specifically, failure to take steps necessary to meet teacher qualifications required under the "No Child Left Behind" legislation). After a hearing in October 2008, OAH issued a March 27, 2009 order concluding that

Peter J. Nickles, Attorney General for the District of Columbia at the time the brief was filed, Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and Michael A. Milwee, Senior Assistant Attorney General, were on the brief for petitioner.

No brief was filed on behalf of respondent.

Before BLACKBURNE–RIGSBY and THOMPSON, Associate Judges, and REID, Associate Judge, Retired.*

THOMPSON, Associate Judge:

In this matter, the petitioner, the Department of Employment Services

---

* Judge Reid's status changed to Associate Judge, Retired, on April 7, 2011.

1. The pertinent point is that the record does not indicate that DOES sought to recoup the overpaid amount from future benefits. See note 8 *infra*.

2. "DOES is required to disburse unemployment benefit payments as soon as a claimant is found eligible and before an employer's appeal is decided." *Dixon v. District of Columbia Office of Admin. Hearings*, 956 A.2d 683, 683 (D.C.2008).

Smallwood had been "discharged for gross misconduct" and therefore was "not qualified to receive benefits." The record contains no evidence that Smallwood appealed that ineligibility determination.

Following the OAH determination that Smallwood had been ineligible to receive unemployment compensation, DOES sent Smallwood two "Notice[s] of Determination of Overpayment," each dated April 3, 2009, notifying her that she was liable for repayment of the benefits she had received, which totaled $13,767. The notices stated that Smallwood would "either have such amount deducted from future benefits payable to you, or you will have to repay the Department of Employment Services in the amount which you have received. Failure on your part to voluntarily satisfy this liability may result in collection by civil action against you in the name of this agency." The notices told Smallwood that "[t]he balance due may be repaid in either of two ways. You may mail your check or money order, made payable to the Department of Employment Services ... or, you may report in person ... at the address above." The notices also advised Smallwood that she could appeal the determination by filing a timely request for hearing with OAH. Smallwood filed her timely appeal with OAH on April 10, 2009.

At the OAH hearing on May 15, 2009, the ALJ identified the issues presented as whether "DOES has overpaid the claimant" by the amount asserted, and whether Smallwood was "liable to repay that amount." Smallwood did not deny receipt of the benefits in issue, and in a Final Order ("Order") issued on May 26, 2009, the ALJ found that DOES had indeed overpaid Smallwood in the amount of $13,767. The ALJ observed at the hearing that the overpayment amount was "high" because Smallwood was paid benefits during the several-month period that it took OAH to rule in the appeal pertaining to Smallwood's eligibility; specifically, the ALJ stated that if OAH "had issued the Final Order within a week or two of [the] hearing [in that appeal], [DOES] would have stopped paying you benefits ... and they wouldn't be gunning you for all these additional weeks that went by while everyone waited for ... [the] Final Order."

In closing remarks at the hearing, the ALJ told Smallwood that DOES "has discretion in these [overpayment] matters, and [in the order to be issued,] I will [c]ite to that regulation that gives the Director that discretion, about collecting these amounts, and perhaps the Director will consider this, and perhaps not." In the May 26 Order, however, the ALJ interpreted the unemployment compensation statute as giving OAH the authority to waive Smallwood's repayment obligation. The ALJ found that Smallwood "was overpaid benefits through no fault of her own and the amount of benefits to be repaid is high," that "it would be contrary to public policy to hold [Smallwood] liable for the full amount of $13,767," and that "public policy would be better served by reducing the total amount of liability" to $3,590.[3] The ALJ concluded that Smallwood "is liable to repay DOES the amount of

---

**3.** OAH reached this amount "in part by taking into account federal guidelines which contemplate the issuance of a final order ... within at least 45 days of the date the appeal was filed with this administrative court." In actuality, as DOES points out, federal unemployment-compensation program guidelines are not quite so strict; they provide that "[a] State will be deemed to comply substantially" with federal requirements if, "with respect to first level appeals, the State has issued at least 60 percent of all first level benefit appeal decisions within 30 days of the date of appeal, and at least 80 percent of all first level benefit appeal decisions within 45 days." 20 C.F.R. § 650.4(b) (2006).

$3,590." DOES's petition for review followed.

## II. Standard of Review and Applicable Law

■ Our review of OAH decisions is limited, and we must affirm unless the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Thomas v. Nat'l Children's Ctr., Inc.,* 961 A.2d 1063, 1065 (D.C. 2008). We review the OAH's legal rulings *de novo,* recognizing that this court is "the final authority on issues of statutory construction." *Georgetown Univ. Hosp. v. District of Columbia Dep't of Emp't Servs.,* 929 A.2d 865, 869 (D.C.2007).

The District of Columbia unemployment compensation statute provides, at D.C.Code § 51–119(d)(1) (2001), that:

> Any person who has received any sum as benefits under this subchapter to which he is not entitled shall, in the discretion of the Director, be liable to repay such sum to the Director, to be redeposited in the Fund; be liable to have such sum deducted from any future benefits payable to him under this subchapter; or may have such sum waived in the discretion of the Director; provided, however, that no such recoupment from future benefits shall be had if such sum is received by such person without fault on his part and such recoupment would defeat the purpose of this subchapter or would be against equity and good conscience; or in the discretion of the Director such recoupment has been waived.

## III. Analysis

The crux of the issue before us is whether, in providing that an overpaid claimant "may have such sum waived in the discretion of the Director," D.C.Code § 51–119(d)(1) authorizes OAH to make a discretionary waiver decision (as the ALJ here assumed); or whether, instead, as DOES argues, the discretion to waive an overpayment lies solely with the DOES Director.[4] Although the ALJ's interpretation would not be unreasonable in the absence of certain statutory provisions that we discuss below, we conclude that the ALJ's interpretation was "not in accordance with the law," *Thomas,* 961 A.2d 1063 at 1065, and that DOES's interpretation is the correct one.

As we have previously observed, "[t]he Office of Administrative Hearings Establishment Act of 2001 [the 'OAH Act'] calls on OAH to perform the administrative review conducted formerly by DOES [in unemployment compensation appeals], which is now done by one administrative law judge, with a direct appeal therefrom to this court." *Wright–Taylor v. Howard Univ. Hosp.,* 974 A.2d 210, 213 (D.C.2009) (citing D.C.Code § 2–1831.03(b)(1) (2001) (granting OAH jurisdiction over appeals from DOES)).[5] OAH exercises that administrative review jurisdiction even though the unemployment statute continues to contain a reference to "appeal therefrom to the Director," D.C.Code § 51–111(b), and even though the unemployment compensation regulations continue to refer to the role of the "Director" in resolving unemployment compensation appeals.[6] However, we reject the ALJ's in-

---

**4.** It remains undisputed that DOES overpaid Smallwood in the amount of $13,767, and we uphold the portion of OAH's Order so finding.

**5.** *See also* D.C.Code § 51–111(b) (unemployment statute provision describing appeal procedures and containing a reference to "claims

... in which an appeal has been filed in the Office of Administrative Hearings").

**6.** *See, e.g.,* 7 DCMR § 312.10 (2006) ("In an appeal hearing, prior statements or written documents, in the absence of other reliable

terpretation that effectively substituted "OAH" for "the Director" in D.C.Code § 51–119(d)(1) (referring to an overpaid claimant's liability "in the discretion of the *Director*, ... to repay such sum" and to the possibility of "hav[ing] such sum waived in the discretion of the *Director*" (emphasis added)). We do so for a number of reasons.

First, the OAH Act provides for this court's review of "all orders of the Office [i.e., OAH]" in contested cases, *see* D.C.Code § 2–1831.16(e), and requires us to "apply the standards of review prescribed in [the District of Columbia Administrative Procedure Act (the 'DCAPA')] § 2–510." D.C.Code § 2–1831.16(g). Thus, the OAH Act presupposes that OAH decisions will be reviewable against meaningful standards rather than wholly discretionary and, in effect, unreviewable.[7] Section 51–119(d)(1) does establish a standard by which to determine whether, in lieu of

requiring a claimant to make direct repayment, recoupment of any overpaid amounts may be made *from future benefits* awarded to a claimant; it provides that "no such recoupment from future benefits shall be had if such sum is received by such person without fault on his part and such recoupment would defeat the purpose of this subchapter or would be against equity and good conscience." These are standards to guide fact-finding and legal analysis by OAH,[8] and by this court. By contrast, as DOES argues, § 51–119(d)(1) provides no criteria by which we could evaluate a determination "in the discretion of the Director" to waive an overpayment. Since the legislature declared that "all" of OAH's decisions would be reviewable by this court, we think it could not have intended that OAH would have the purely discretionary authority described in § 51–119(d)(1) to waive an overpayment.[9] We conclude, therefore, that when § 51–

corroborating evidence, shall not constitute evidence sufficient to support a finding of misconduct by the *Director*.") (emphasis added).

7. Courts have recognized that "[f]or any claim ... to be justiciable under the [federal] APA," the legislature must have "provided 'a meaningful standard against which to judge the agency's exercise of discretion.'" *Public Citizen v. Nat'l Advisory Comm. on Microbiological Criteria for Foods*, 886 F.2d 419, 426 (D.C.Cir.1989) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985)). "Where no such meaningful standard exists, the statute ... can be taken to have committed the decisionmaking to the agency's judgment absolutely, thereby precluding judicial review" under the APA. *Id.* (citations and internal quotation marks omitted); *see also Andrews v. District of Columbia Police & Firefighters Ret. & Relief Bd.*, 991 A.2d 763, 769 n. 11 (D.C.2010) (noting that because the DCAPA is "closely analogous to the requirements of the Federal Administrative Procedure Act," we "look to case law interpreting the federal APA for guidance" in interpreting it).

8. Thus, if presented with a claim that DOES is seeking to recoup overpaid amounts from future benefits, OAH could, if the record supports findings that the claimant received the overpaid benefits through no fault of her own and that recovery would defeat the purpose of the Unemployment Compensation Act or be against equity and good conscience, determine that DOES is precluded from effecting the recoupment from future benefits. In the instant case, although the Notices of Determination of Overpayment advised Smallwood that she must either repay DOES or have the overpayment amount deducted from future benefits payable to her, the record contains no evidence that any future benefits had become payable to Smallwood or that DOES contemplated a recoupment from such benefits.

9. We also agree with DOES that whether to recoup an overpayment is tantamount to an enforcement decision, a "core executive function" committed to executive agency discretion rather than subject to review by an adjudicative body. *Tucci v. District of Columbia*, 956 A.2d 684, 690 (D.C.2008).

119(d)(1) refers to waiver of an overpayment "in the discretion of the Director," it should be read to mean literally that: in the discretion of the DOES Director (*not* "in the discretion of OAH"). Thus, we agree with DOES that OAH does not possess authority to waive a claimant's overpayment liability.

In addition, we are persuaded by DOES's argument that a recognition that it is the DOES Director, rather than OAH, who has discretionary authority to waive overpayments comports with the Director's "fiduciary obligation to the taxpayers contributing to the unemployment trust fund." *General Ry. Signal Co. v. District Unemployment Comp. Bd.*, 354 A.2d 529, 533 (D.C.1976). Moreover, DOES correctly observes that the OAH Act "does not make a general transfer of the DOES's Director's authority" to OAH and "cannot logically be read to have conferred on the OAH *all* powers to make whatever decision it may wish with respect to unemployment compensation benefits."

The OAH ALJ's determination that Smallwood is liable to repay only $3,590 of the $13,767 overpayment amount was not based on any statutory or regulatory standard, but instead was a discretionary determination, based on the ALJ's estimation that the overpayment amount is "high," and on his view that "public policy would be better served" by forgiving most of Smallwood's liability. For the foregoing reasons, we conclude that the ALJ overstepped his authority in making that (obviously well-intentioned but misguided) determination, and we are constrained to reverse it.[10] Whether to waive any or all of the overpayment amount is a matter for the DOES Director.

For the foregoing reasons, we affirm the portion of OAH's Order concluding that Smallwood was overpaid in the amount of $13,767, but we reverse the ALJ's determination purporting to waive a portion of Smallwood's overpayment liability. We remand, with an instruction to OAH that it remand the matter to DOES for a determination of whether to waive some or all of Smallwood's overpayment liability.[11]

*So ordered.*

---

10. We point out, however, that DOES might have avoided this prolonged dispute if it had held off issuing its stern advice to Smallwood to "mail [her] check or money order," and its threat of a civil collection action, until it had determined whether to waive the overpayment. As our former colleague Judge Mack observed in her concurring opinion in *Dowdy v. District of Columbia Dep't of Emp't Servs.*, 515 A.2d 399 (D.C.1986),

> DOES has an affirmative obligation to inquire into a claimant's individual circumstances *before* deciding under [section 51–119(d)(1)] that overpayments should be recouped.... Moreover, DOES must also exercise its discretion at that point by deciding, even without an explicit request by the claimant, whether the overpayments have been waived.

*Id.* at 403 (Mack, J., concurring) (emphasis in original). It is clear that DOES has not yet exercised that discretion; its brief urges that OAH should have returned the case to DOES "for the Director to determine what action, *if any*, should be taken to collect the overpayment" (emphasis added).

11. Remand is appropriate to ensure that Smallwood, a *pro se* litigant, is not prejudiced for having relied on the notice of appeal rights that accompanied the Notices of Determination of Overpayment that DOES sent to her. The notices implied that Smallwood could appeal *to OAH* DOES's determination that "you will have to repay" the overpayment amount. Smallwood also was given no reason to think that she needed to request further review by the DOES Director, or by

this court, after she obtained the ruling of the ALJ that substantially reduced her repayment burden.